▊ In the Matter of CALVIN E. BENJAMIN, Deceased. JANET BENJAMIN et al., Appellants; WILLIAM GILKES et al., Respondents. [970 NYS2d 710]—

In a probate proceeding in which the successor trustees of a living trust petitioned for the judicial settlement of their account, the successor trustees appeal, as limited by their brief, from so much of an order of the Surrogate's Court, Kings County (Johnson, S.), dated March 6, 2012, as, in effect, denied that branch of their motion which was, in effect, to vacate so much of a decree of the same court dated May 1, 2009, as directed the nonparty George Headley to return the sum of $25,427 to the trust and substitute therefor a provision directing him to return the sum of $12,402.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the appellants' contention, the issue of the proper amount of the legal fees to which the former attorney for the subject living trust is entitled has already been determined by this Court on a prior appeal (*see Matter of Benjamin*, 72 AD3d 1078 [2010]). Accordingly, reconsideration of this issue is barred by the doctrine of law of the case (*see* CPLR 5501 [a]; *Moran Enters., Inc. v Hurst*, 96 AD3d 914, 916 [2012]; *Aurora Loan Servs., LLC v Grant*, 88 AD3d 929, 929 [2011]).

The appellants' remaining contentions are without merit.

Accordingly, we affirm the Surrogate's Court's order insofar as appealed from. Mastro, J.P., Hall, Lott and Sgroi, JJ., concur.